962 F.2d 17
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cecil Charles EVANS, Petitioner-Appellant,
v.
Ed EVANS, Warden, Respondent-Appellee,
and
Attorney General of the State of Oklahoma, Respondent.
 No. 92-6013.
 United States Court of Appeals, Tenth Circuit.
 May 6, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Cecil Charles Evans, the appellant, pleaded guilty to the crime of unlawful distribution of marijuana after former conviction of a felony and was sentenced to thirteen years imprisonment, with three years suspended. He now challenges his conviction by means of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The United States District Court for the Western District of Oklahoma denied the writ of habeas corpus and dismissed the case.
 
 
 3
 Cecil Evans now appeals,[1] alleging (1) that he was denied his Sixth Amendment right to effective assistance of counsel because his trial counsel did not investigate the validity of prior felony convictions used to enhance his sentence and (2) that the district court enhanced his sentence based upon an unconstitutional prior conviction. We affirm for the reasons detailed in the magistrate judge's report.
 
 
 4
 We affirm with respect to the appellant's ineffective assistance of counsel claim because the appellant did not show that "counsel's representation fell below an objective standard of reasonableness" as required by Strickland v. Washington, 466 U.S. 668, 688 (1984). Nor did he show prejudice--specifically, that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"--as required by Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 5
 We affirm with respect to the appellant's unconstitutional enhancement claim because the Oklahoma Court of Criminal Appeals refused to consider the merits of this claim on the basis that it was not raised on direct appeal. This refusal constitutes an adequate and independent state ground barring federal habeas review of the claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). We agree with the magistrate judge's conclusion that the appellant has not satisfied this standard.
 
 
 6
 For the reasons set forth above and detailed in the magistrate judge's report, we AFFIRM the decision of the district court.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The appellant's motion for a certificate of probable cause is granted